ACCELERATED DOCKET JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the record from the lower court, the briefs and the oral arguments of counsel.
Defendant-appellant Albert Rose appeals from the trial court's imposition of consecutive sentences following his guilty plea to one count of possession of drugs and one count of unauthorized use of a motor vehicle.
Appellant originally was indicted on one count of extortion, R.C. 2905.11, and one count of grand theft of a motor vehicle, R.C.2913.02. After several pretrial hearings, the trial court conducted a plea hearing. Although the transcript of the plea hearing is not included in the record on appeal, the record reflects the state amended the indictment against appellant pursuant to Crim.R. 7(D); thus, appellant entered guilty pleas to a charge of possession of drugs, R.C. 2925.11, and a charge of unauthorized use of a motor vehicle, R.C. 2913.03.[1]
Following a presentence investigation and report, the trial court held a sentencing hearing. The trial court mentioned the recidivism and seriousness factors it found relevant to appellant's case, then stated it found under the sentencing factors that [appellant] previously served a prison term and that the offense was committed while under a community controlled (sic) sanction. The trial court thereupon imposed consecutive sentences of eleven months on each count and further ordered appellant to pay a fine of $500 plus costs [b]ecause of the gravity of the impact and because this is one of the worst kind (sic) of offenses against the elderly.
Appellant has filed a timely appeal of the trial court's order of sentence. He presents the following assignment of error for review:
 THE SENTENCE IMPOSED BY THE TRIAL COURT WAS CONTRARY TO LAW.
Appellant argues the trial court failed to make the requisite findings prior to ordering his sentences to be served consecutively.
This court agrees.
R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2) set forth the statutory requirements to be followed in imposing consecutive sentences. The former statute contains the phrase "if the court finds." Focusing on this precise statutory language, the supreme court has stated:
 We construe this * * * to mean that * * * the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons * * * warranted the * * * sentence.
* * *
 * * * [I]n enacting the new sentencing laws, the General Assembly only sought to confirm that courts considered the statutory requirements by stating that a defendant may obtain certain relief if "the court did not specify in the finding it makes at sentencing that it found one or more of the factors specified." (Emphasis added.) The structure of the various sentencing statutes suggests that the General Assembly approached felony sentencing by mandating a record reflecting that judges considered certain factors and presumptions to confirm that the court's decision-making process included all of the statutorily required sentencing considerations.
State v. Edmonson (1999), 86 Ohio St.3d 324 at 326-327. (Emphasis in original; underscoring added.)
Additionally, however, unlike the fact situation addressed by the supreme court in Edmonson, a trial court is mandated by R.C.2929.19(2)(c) also to give its reasons for imposing consecutive sentences.
The record of the sentencing hearing in this case, as inEdmonson, fails to reflect statutory compliance. The trial court stated neither that consecutive terms were "necessary [either] to protect the public from future harm or to punish the offender" nor that the terms were "not disproportionate to the seriousness of [appellant's] conduct and to the danger [appellant] poses to the public." Rather, this initial statutory duty imposed by R.C.2929.14(E)(4) was overlooked.
It can be gleaned from reading the trial court's comments it was presenting some reasons for imposing consecutive terms pursuant to R.C. 2929.19(B)(2). Without stated findings regarding the necessary statutory criteria, however, Edmonson requires this court to reverse appellant's sentence and remand this case for resentencing.
It is not unreasonable to require trial courts in this state to follow the directives of Edmonson by simply tracking clear statutory language when pronouncing sentence. To do so simplifies both the defendant's understanding of his punishment and potential later appellate review of the matter.
Since the record reflects the trial court did not fully comply with its statutory duties in imposing consecutive sentences, appellant's assignment of error is sustained.[2]
The trial court's order of sentence is reversed. This case is remanded in order for the trial court to follow statutory mandates set forth in R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2) if it deems consecutive sentences to be appropriate.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, J. CONCURS ANN DYKE, A.J. DISSENTS (See separate Opinion)
 _______________________ JUDGE, KENNETH A. ROCCO
[1] This court presumes regularity in the absence of an adequate record; moreover, appellant raises no challenge to the amendment of the indictment.
[2] Appellant's alternate argument with respect to his assignment of error is rendered moot. See App.R. 12(A)(1)(c).